**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HOSSAM ALI,** | **Civil Action No. 21-00316 (FLW)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **ANN KLEIN FORENSIC CENTER, et al.,** | |
| **Defendants.** | |

Plaintiff Hossam Ali ("Plaintiff"), a patient involuntarily committed to the Ann Klein Forensic Center ("AKFC") in West Trenton, New Jersey, has filed a civil complaint and an application to proceed in forma pauperis ("IFP application"). At this time, the Court will grant the IFP application.  This Court must screen the complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Although *pro se* pleadings are liberally construed, *pro se* litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). To survive *sua sponte* dismissal, the Plaintiff must "allege 'sufficient factual matter' to show that the claim is facially plausible." *Black v. United States*, 436 F. Supp.3d 813, 815 (D.N.J. 2020) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing,*

1

*Inc v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In his Complaint, Plaintiff alleges that he was attacked by patients at AKFC on two occasions, October 15, 2019, and November 26, 2020. Construed liberally, Plaintiff attempts to allege that medical security officers at AKFC permitted the attacks. *See* Complaint at 4. Plaintiff alleges that on the first occasion Medical Security Officer Rush opened Plaintiff's door and two patients attacked him in his bed. *Id.* Plaintiff next alleges he was attacked by a patient on Thanksgiving after the patient "took permission" from Medical Security Officer War. *Id.*

Plaintiff also alleges that Dr. Collin, a psychiatrist, and Plaintiff's social worker,[1] were "aware of what was happening" and did not call the police after the attacks. *Id.* Plaintiff also states that no one provided him with medical attention after the attacks. *Id.* Although the patients who attacked Plaintiff were initially locked in their rooms, Dr. Collin, who is African American, let the patients out of their rooms after two days, and told Plaintiff "that's what's happening [sic] in this [sic] places when you say the [N-]word." *Id.* Later in the Complaint, Plaintiff also alleges that officers "held his hand" so he couldn't protect himself during an attack by patients, but Plaintiff does not specify whether any of the Defendants in this action were involved in that incident. *Id.* at 5.

Plaintiff also submitted a Certification in Support of Probable Cause for the October 2019 and November 2020 incidents. *See* ECF No. 1-2, Plaintiff's Exhibit. The Certification with respect to the October 2019 incident states that officers rushed to his room to help him during the attack and that Dr. Collins and Medical Security Officer Rush were witnesses to the attack. *See*

---

[1] The social worker's name is illegible.

Plaintiff's Exhibit at 1.  The Certification for the November 2020 incident does not mention Medical Security Officer War's involvement.  *See* Plaintiff's Exhibit at 3-4.

The Complaint lists Medical Security Officers Rush, War, and Singh as Defendants, as well as AKFC, Mental Health Division.  Plaintiff is seeking damages and to have criminal charges filed against the patients who assaulted him.  *See id.* at 2, 6.

The Court construes Plaintiff to assert that Defendants violated his constitutional rights by failing to protect him from harm, which resulted in other patients assaulting the Plaintiff on two separate occasions, as well as state law tort claims against the patients who assaulted him.[2] The Court begins with the federal claims.

Because Plaintiff is involuntarily committed at AKFC, a psychiatric hospital, the Due Process Clause of the Fourteenth Amendment governs his failure to protect claims.  *See Youngberg v. Romeo,* 457 U.S. 307, 324–25 (1982).  Where "professional decisionmakers" violate the rights of involuntarily committed persons, the *Youngberg* Court held that courts must apply the professional judgment standard.[3]  *Id.* at 323 n.30.  That standard requires a plaintiff to show that the defendant's decision or conduct substantially departed from accepted professional judgment, practice, or standards.  *Id.* at 323.

For claims against "nonprofessional employees," courts apply the deliberate indifference standard.  *Shaw v. Stackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990) ("Nonprofessional employees

---

[2] Plaintiff indicates that his claims arise solely under state tort law; in light of his pro se status, the Court liberally construes him to raise failure-to-protect claims under 42 U.S.C. § 1983 against the medical security officers in their individual capacities. The Court also construes Plaintiff to assert tort claims under state law, but declines supplemental jurisdiction over those claims, as explained in this Memorandum and Order.

[3] The *Youngberg* Court defined "professional decisionmakers" as competent individuals, whether by education, training, or experience, who make the particular decision at issue. *Youngberg*, 457 U.S. at 323 n.30.

who provide care for involuntarily institutionalized mentally retarded individuals are subject even after *Youngberg*, only to a deliberate indifference standard.")  Under the deliberate indifference standard, a plaintiff must show that the defendant was subjectively aware of a substantial risk to his safety and disregarded such risk.[4]  *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994); *Beers Capital v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). The deliberate indifference standard requires "actual knowledge," and merely negligent conduct does not give rise to a claim under 42 U.S.C. § 1983.  *Whetzel*, 256 F.3d at 137–38.

Since medical security officers are "nonprofessional employees," the Court applies the deliberate indifference standard to Plaintiff's failure-to-protect claims against Defendants Rush, War, and Singh.  *See McLeod v. N.J. Dep't of Corr.*, No. 19-8379, 2020 WL 6899675, at *4 n.3, (D.N.J. Nov. 23, 2020) (stating that corrections officers are not "professional decisionmakers").

Here, Plaintiff alleges that on October 15, 2019, two patients entered his room and attacked him after Defendant Rush opened his door.  Although Plaintiff generally asserts that medical corrections officers permitted or encouraged attacks against him, Plaintiff does not allege any facts that suggest Rush was subjectively aware of a substantial risk to Plaintiff's safety.  Plaintiff does not claim that Rush was aware of any animosity the two patients may have displayed towards Plaintiff; nor does Plaintiff claim that Rush knew the two patients would attack him when Rush opened his door.  *See Burton v. Kindle*, 401 F. App'x. 635, 638 (3d Cir. 2010) (holding that plaintiff failed to state a claim since the complaint did not set forth any facts that suggest defendant knew other inmates would attack plaintiff). As such, Plaintiff fails to

---

[4] The Third Circuit applies the Eight Amendment failure-to-protect standard to failure-to-protect claims brought under the Fourteenth Amendment. *See Thomas v. Cumberland Cty.*, 749 F.3d 217, 233 n.4 (3d Cir. 2014) ("This Court has applied the same standard to a failure-to-protect claim under the Fourteenth Amendment as under the Eighth Amendment.").

4

demonstrate that Medical Security Officer Rush acted with deliberate indifference by opening his door.  Therefore, Plaintiff does not state a claim for failure to protect against this Defendant under § 1983, and Complaint is dismissed without prejudice as to Medical Security Officer Rush.

Plaintiff also may be attempting to allege a Fourteenth Amendment failure to intervene claim against Medical Security Officer Rush.  A failure to intervene claim requires Plaintiff to plead facts to suggest that the officer had a reasonable opportunity to intervene and refused to do so.  *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) ("We hold that a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so.").  Here, Plaintiff alleges only that Rush opened Plaintiff's door, allowing the patients to enter his cell, and he provides no facts to suggest that Rush stood idly by during the attack or otherwise had the opportunity to assist Plaintiff and refused to do so.  To the extent Plaintiff attempts to assert a failure to intervene claim, that claim is woefully deficient, and the Court dismisses it without prejudice for failure to state a claim for relief.

Plaintiff also alleges that on November 26, 2020, a patient attacked Plaintiff after he "took permission" from Medical Security Officer War.  Plaintiff provides no additional facts to explain how Plaintiff came to the conclusion that Medical Security Officer War gave the patient "permission" to attack Plaintiff.  Because this bare allegation is too vague and conclusory to permit the court to draw the reasonable inference that Defendant War is liable for the misconduct alleged, the Court will dismiss without prejudice the failure to protect claim against this Defendant.

Plaintiff also fails to state a claim against Medical Security Officer Singh.  Although Plaintiff names Singh as a Defendant, Plaintiff does not allege that Singh was involved in either

of the two assaults or claim that Singh violated any of his constitutional rights. "To establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Thus, the Court will dismiss without prejudice Plaintiff's federal claim(s) against Defendant Singh.

Plaintiff does not list Dr. Collins or the social worker as Defendants. And although Plaintiff alleges vaguely that these individuals knew "what was happening" and didn't call the police after the assaults, he does not provide sufficient facts to suggest that they departed from any professional standards. Additionally, Plaintiff generally asserts that he was denied medical assistance, but he does identify the individuals who denied him medical care.

The Court will also dismiss with prejudice Plaintiff's claims against the AKFC because the facility is not a "person" liable for suit under § 1983. To state a claim for relief under § 1983, a plaintiff must "allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law." *Tormasi v. Lanigan*, 363 F. Supp. 3d 525, 534 (D.N.J. 2019). States and their departments and agencies are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989); *Weisman v. New Jersey Dept. of Human Services*, 817 F. Supp. 2d 456, 464 (D.N.J. 2011). Thus, as a state hospital and arm of the state, the AKFC is not a "person" within the meaning of § 1983. *Williams v. Ann Klein Forensic Ctr.*, No. 18-9606, 2020 WL 614657, at *3 (D.N.J. Feb. 20, 2020) ("AKFC is not a 'person' amenable to suit under Section 1983."); *Hobson v. Tremmel*, No. 11–4590, 2013 WL 3930132, at *4 (D.N.J. July 30, 2013) ("AKFC is not a 'person' for purposes of liability.").

Plaintiff is also attempting to assert state law tort claims. Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over

state law claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284–85 (3d Cir. 1993).  Having dismissed the federal claims without prejudice, the Court declines supplemental jurisdiction over any potential state law claims at this time.

The Court will, however, permit Plaintiff to submit an Amended Complaint to the extent he can provide facts to cure the deficiencies in his federal claims.  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding that in civil rights cases, the Court must allow amendment, unless doing so would be inequitable or futile).  Because it is conceivable that Plaintiff can cure the deficiencies in the claims against the individual Defendants, he may file an Amended Complaint and a request to reopen this matter within 45 days of the date of this Memorandum and Order.[5]

**IT IS, THEREFORE**, on this 14th day of  January, 2022,

**ORDERED** that Plaintiff's IFP application is **GRANTED**; and it is further

**ORDERED** that pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Complaint is dismissed in its entirety as follows:

1. The claim against the Ann Klein Forensic Center is dismissed **WITH PREJUDICE** because this entity is not a "person" under § 1983;

---

[5] Plaintiff is free to reassert his state law claims in the amended complaint. Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  *Id.*

2. The § 1983 failure to protect claims against the remaining Defendants are dismissed

**WITHOUT PREJUDICE** for failure to state a claim for relief; and it is further

**ORDERED** that the Court declines supplemental jurisdiction over the remaining state

law claims; and it is further

**ORDERED** that Plaintiff is provided leave to submit an Amended Complaint within 45

days of the date of this Order together with a request to reopen this matter; and it is further

**ORDERED** that if Plaintiff does not submit an Amended Complaint within the

timeframe provided, this dismissal will automatically convert to a dismissal with prejudice; and

it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this

Memorandum and Order via regular mail and CLOSE this case accordingly.


/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge